**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GANBOLD TSEGMED, | No. 11-73868 |
| Petitioner, | Agency No. A098-837-711 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 19, 2015[**]
San Francisco, California

Before: HAWKINS, PAEZ, and BERZON, Circuit Judges.

Ganbold Tsegmed, a native and citizen of Mongolia, petitions for review of

the agency's denial of his application for asylum and withholding of removal.

Tsegmed affirmatively applied for asylum, but the asylum officer, citing

inconsistencies in his account and problems with the documentary evidence he

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

submitted, referred his application to an Immigration Judge ("IJ"). After several days of testimony, and after a forensic expert testified that much of Tsegmed's documentary evidence was not authentic, the IJ found him not credible, denied his application for relief, and ordered him removed. Tsegmed appealed to the Board of Immigration Appeals ("the Board").

The Board dismissed his appeal, concluding that "sufficient reasons" supported the IJ's adverse credibility determination, and citing two examples. The Board first cited Tsegmed's submission of a counterfeit Mongolian driver's license, which Tsegmed presented in order to support his claim that he had returned to Mongolia for a period following his initial entry into the United States, and experienced persecution while there. The Board provided a second example of grounds that the IJ identified that supported her adverse credibility finding: Tsegmed's inconsistent and confusing testimony regarding the nature and timing of the voting fraud that he claimed to have witnessed, which formed the basis of his asylum and withholding claims. The Board rejected Tsegmed's argument that misunderstandings and misinterpretations caused the discrepancies in his testimony, as he failed to "identify specific words or parts of the transcript that were misunderstood or mistranslated."

The court examines the agency's factual findings for substantial evidence. *Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011). An adverse credibility finding is "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (quoting 8 U.S.C. § 1252(b)(4)(A)-(B)). However, in making an adverse credibility finding, the agency "must highlight specific and cogent reasons to support [it]." *Kin v. Holder*, 595 F.3d 1050, 1055 (9th Cir. 2010) (citing *Alvarez-Santos v. INS,* 332 F.3d 1245, 1254 (9th Cir.2003)). Additionally, reasons given by the agency in support of its determination must be "substantial," and not merely "speculation and conjecture." *Salaam v. INS,* 229 F.3d 1234, 1238 (9th Cir.2000) (internal quotation marks omitted).

Here, the IJ supported the adverse credibility finding with multiple "specific and cogent" reasons, of which the Board mentioned two "examples" in affirming her decision, namely Tsegmed's submission of counterfeit documents and his inconsistent testimony. *See Kin*, 595 F.3d at 1055. The false documents at issue were not used to flee persecution or gain entry into the United States, in which case it would be improper to consider their inauthenticity, *Gulla v. Gonzales*, 498 F.3d 911, 917 (9th Cir. 2007), but were instead intended to bolster Tsegmed's claim that he returned to Mongolia. Tsegmed submitted his asylum application after the

3

passage of the REAL ID Act, and so inconsistencies in his testimony can form the basis of an adverse credibility finding regardless of whether they go to the heart of his claim; because they do go to the heart of his claim, the inconsistencies are of great weight. *See Shrestha v. Holder*, 590 F.3d 1034, 1046–47 (9th Cir. 2010) (applying REAL ID Act). The IJ's decision and the Board's affirmance were not based on "speculation and conjecture," but instead supported by substantial evidence. *See Salaam*, 229 F.3d at 1238.

Substantial record evidence also supports the agency's determination that Tsegmed failed to meet his burden of proof for relief under the Convention Against Torture.

For the foregoing reasons, the petition for review is **DENIED**.