**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELSTON THOMAS CASTILLO, | No. 13-70160 |
| Petitioner, | Agency No. A037-615-440 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2015[**]

Before:    HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Elston Thomas Castillo, a native and citizen of Belize, petitions pro se for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

and protection under the Convention Against Torture ("CAT").  We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Ahmed v. Keisler*, 504 F.3d 1183, 1191 (9th Cir. 2007). We deny the petition for review.

Castillo testified that he was beaten and interrogated by police in Belize who sought information about his and his cousin's alleged involvement in criminal activities. Substantial evidence supports the agency's determination that Castillo did not establish that any past or feared harm was or would be on account of a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 741 (9th Cir. 2009) (protected ground must be 'one central reason' for persecution); *see also Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (per curiam) (even if social group is cognizable, petitioner must show persecution on account of his membership in that group); *see also Dinu v. Ashcroft*, 372 F.3d 1041, 1043-45 (9th Cir. 2004) (concluding that heavy-handed tactics used by police during an investigation for legitimate purposes was not persecution on account of a protected ground). Thus, Castillo's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief, because Castillo did not establish that his past harm rose to the level of torture, or that it is more likely than not he would be tortured if returned to Belize. *See*

13-70160

*Ahmed*, 504 F.3d at 1201.  We reject Castillo's contention that the IJ failed to consider all relevant evidence.

**PETITION FOR REVIEW DENIED.**