**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANKLIN OMAR BRENES-FLORES, | No. 17-70618 |
| Petitioner, | Agency No. A208-204-027 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 18, 2017**

Before:    WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Franklin Omar Brenes-Flores, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014), and we deny the petition for review.

Substantial evidence supports the agency's denial of asylum and withholding of removal because Brenes-Flores failed to establish a nexus between the harm he fears and a protected ground. *See Ayala v. Holder*, 640 F.3d 1095, 1098 (9th Cir. 2011) (mistreatment motivated by retribution does not bear a nexus to a protected ground).

Substantial evidence supports the agency's denial of Brenes-Flores's CAT claim because he has not shown it is more likely than not he would be tortured by the government of Guatemala or with its consent or acquiescence. *See Garcia-Milian*, 755 F.3d at 1034-35.

We reject Brenes-Flores's contention regarding proceedings before the asylum officer and the IJ.

**PETITION FOR REVIEW DENIED.**

17-70618