**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BALBIR SINGH, | No.   16-73683 |
| Petitioner, | Agency No. A070-970-501 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of an
Immigration Judge's Decision

Submitted December 18, 2017**

Before:    WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Balbir Singh, a native and citizen of India, petitions pro se for review of an

immigration judge's ("IJ") determination under 8 C.F.R. § 1208.31(a) that he did

not have a reasonable fear of persecution or torture and thus is not entitled to relief

from his administrative removal order.  We have jurisdiction under 8 U.S.C.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for substantial evidence the IJ's factual findings. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016). We deny the petition for review.

Substantial evidence supports the IJ's conclusion that Singh failed to demonstrate a reasonable possibility of persecution on account of a protected ground. *See Ayala v. Holder*, 640 F.3d 1095, 1097-98 (9th Cir. 2011) (mistreatment motivated purely by personal retribution does not bear a nexus to a protected ground); *Gonzalez v. Holder*, 641 F.3d 333, 338 (9th Cir. 2011) (testimony of petitioner's belief that relocation would not be safe or reasonable was, by itself, insufficient to meet petitioner's burden of proof).

Substantial evidence also supports the IJ's conclusion that Singh failed to demonstrate a reasonable possibility of torture by or with the consent or acquiescence of the government. *See Andrade-Garcia*, 828 F.3d at 836-37.

We reject, as unsupported by the record, Singh's contentions that the IJ violated his due process rights. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**