**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 13 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

AVIMAEL SECUNDIDO-SOLIS, AKA
Abimael Solis Secundido, AKA Abimael
Secundino Solis,

        Petitioner,

  v.

JEFFERSON B. SESSIONS III, Attorney
General,

        Respondent.

No.   17-70615

Agency No. A077-106-014

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2018[**]

Before:    SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Avimael Secundido-Solis, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for withholding of removal.

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the agency's determination that Secundido-Solis failed to establish the threats as to his father, the denial of a job, and the disappearance of his cousin, even considered cumulatively, rose to the level of persecution. *See Wakkary*, 558 F.3d at 1060 (two incidents of being beaten and robbed and being accosted by a mob did not compel a finding of past persecution, and harm to associates was not 'closely tied' to petitioner); *Nagoulko v. INS*, 333 F.3d 1012, 1016-17 (9th Cir. 2003) (record did not compel the finding that petitioner experienced past persecution). Further, substantial evidence supports the agency's finding that Secundido-Solis failed to establish a nexus between the harm he fears and a protected ground. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group" (emphasis in original)); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (petitioner's desire to be free from harassment motivated by theft or random violence by gang members has no nexus to a protected ground). Thus, Secondido-Solis' withholding of removal claim fails.

**PETITION FOR REVIEW DENIED.**

17-70615