**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 23 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCOS GUITERREZ-ALFREDO, AKA Marcos Gutierrez-Alfredo, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No. 14-70970 <br><br> Agency No. A200-824-064 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2018[**]

Before: SILVERMAN, BEA, and WATFORD, Circuit Judges

Marcos Guiterrez-Alfredo, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).  We deny the petition for review.

Respondent's Motions to Revise Brief (Docket Entries No. 21 and No. 24) are granted.

The record does not compel the conclusion that Guiterrez-Alfredo filed his asylum application within a reasonable time given his changed circumstances.  *See* 8 C.F.R. § 1208.4(a)(4); *Taslimi v. Holder*, 590 F.3d 981, 984-986 (9th Cir. 2010).  We reject Guiterrez-Alfredo's contention that this claim needs to be remanded to the BIA for further analysis.  Thus, Guiterrez-Alfredo's asylum claim fails.

Substantial evidence supports the agency's conclusion that Guiterrez-Alfredo failed to establish a nexus between the harm he fears and a protected ground.  *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account* of his membership in such group" (emphasis in original)); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").  In light of our conclusion as to nexus, we reject Guiterrez-Alfredo's contention that the case should be remanded pursuant to *Barajas-Romero v. Lynch*,

2                                                                              14-70970

846 F.3d 351 (9th Cir. 2017).  Further, we reject Guiterrez-Alfredo's contention that the agency applied the wrong standard in evaluating his withholding of removal claim.  Thus, his withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Guiterrez-Alfredo failed to show it is more likely than not that he will be tortured by or with the consent or acquiescence of the government of Mexico.  *See Aden v. Holder*, 589 F.3d 1040, 1047 (2009).

**PETITION FOR REVIEW DENIED.**