**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 26 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LAMBERTO MARTINEZ-DOMINGUEZ, | No. 17-72820 |
| Petitioner, | Agency No. A205-255-286 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2018**

Before:    SILVERMAN, GRABER, and GOULD, Circuit Judges.

Lamberto Martinez-Dominguez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the BIA's finding that Martinez-Dominguez failed to establish he was or would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *see also Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be on account of his membership in such group") (emphasis in original). Thus, Martinez-Dominguez's asylum and withholding of removal claims fail.

Substantial evidence also supports the BIA's denial of CAT relief because Martinez-Dominguez failed to show that it is more likely than not that he would be tortured by or with the consent or acquiescence of the Mexican government. *See Alphonsus v. Holder*, 705 F.3d 1031, 1049 (9th Cir. 2013) (evidence did not compel the conclusion that it was more likely than not that the petitioner would be tortured upon return).

**PETITION FOR REVIEW DENIED.**

17-72820