NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APOLONIO SAENZ-SANCHEZ, et al.,

Petitioners,

v.

MATTHEW G. WHITAKER, Acting
Attorney General,

Respondent.

No.    17-73493

Agency Nos.    A208-160-335
A208-160-336

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 15, 2019**

Before:    TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

Apolonio Saenz-Sanchez and his daughter, natives and citizens of El

Salvador, petition for review of the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from an immigration judge's decision denying their

application for asylum, withholding of removal, and relief under the Convention

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales,* 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we review de novo claims of due process violations in immigration proceedings, *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014).  We deny the petition for review.

Petitioners contend they have suffered harm and fear harm because of their membership in several particular social groups.  Substantial evidence supports the agency's determination that petitioners failed to establish that any harm they experienced or fear in El Salvador was or would be on account of a protected ground.  *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group" (emphasis in original)); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").  Thus, petitioners' asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because petitioners failed to show it is more likely than not they would be tortured by or

17-73493

with the consent or acquiescence of the government of El Salvador.  *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Finally, we reject petitioners' contention that the BIA violated their due process rights.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**