**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OSCAR MARTINEZ-SUAREZ,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   18-71514

Agency No. A095-786-477

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 21, 2019[*]

Before:  THOMAS, Chief Judge, FRIEDLAND and BENNETT, Circuit Judges.

Oscar Martinez-Suarez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

and relief under the Convention Against Torture ("CAT").  We have jurisdiction

under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's determination that, even if Martinez-Suarez stated a cognizable social group, he failed to establish that the harm he suffered and fears was or would be on account of a protected ground. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group" (emphasis in original)); *see also Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001) (harm based on personal retribution is not persecution on account of a protected ground); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). We reject Martinez-Suarez's contention that the agency applied the wrong legal standard. Thus, Martinez-Suarez's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Martinez-Suarez failed to establish it is more likely than not he will be tortured by

or with the consent or acquiescence of the government.  *See Aden v. Holder*, 589

F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**