**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

MAY 30 2019

FOR THE NINTH CIRCUIT

ARACELI OCHOA ALCARAZ; et al.,

Petitioners,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    18-71861

Agency Nos.    A205-666-580
                         A208-309-363

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 21, 2019**

Before:  THOMAS, Chief Judge, FRIEDLAND and BENNETT, Circuit Judges.

Araceli Ochoa Alcaraz and her daughter, natives and citizens of Mexico,

petition for review of the Board of Immigration Appeals' ("BIA") order dismissing

their appeal from an immigration judge's decision denying their application for

asylum, withholding of removal, and relief under the Convention Against Torture

---

       *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

       **      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Petitioners claimed fear of future harm based on their membership in the social group of "individuals who have reported organized criminal activity to the police in Mexico." Substantial evidence supports the agency's determination that petitioners failed to establish membership in that social group. *See* 8 U.S.C. § 1158(b)(1)(B)(i); 8 U.S.C. § 1231(b)(3)(A); *see also Sanjaa v. Sessions*, 863 F.3d 1161, 1164 (9th Cir. 2017) (applicant must establish persecution on account of one of the "statutorily protected grounds").

Petitioners also claimed past harm and fear future harm based on their family membership. Substantial evidence also supports the agency's determination that petitioners failed to establish that the past harm they experienced or future harm that they fear in Mexico has a nexus to a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."); *see also Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is

established, an applicant must still show that "persecution was or will be *on account of* his membership in such group" (emphasis in original)).  Thus, petitioners' asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT relief because petitioners failed to show it is more likely than not that they would be tortured by or with the consent or acquiescence of the government.  *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We reject as unsupported by the record petitioners' contentions that the BIA violated their due process rights and did not apply the proper legal standard to their claims.

**PETITION FOR REVIEW DENIED.**

18-71861