**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 25 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALBERTO PINEDA MELGAR, | No. 18-72653 |
| Petitioner, | Agency No. A200-116-746 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an
Order of the Immigration Judge

Submitted September 18, 2019[**]

Before: FARRIS, TASHIMA, and NGUYEN, Circuit Judges.

Alberto Pineda Melgar, a native and citizen of Honduras, petitions for

review of an immigration judge's ("IJ") determination under 8 C.F.R. § 1208.31(a)

that he did not have a reasonable fear of persecution or torture in Honduras, and is

thus not entitled to relief from his reinstated removal order. We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the IJ's factual findings, *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016), and we deny the petition for review.

Substantial evidence supports the IJ's determination that Pineda Melgar failed to establish a reasonable possibility of persecution in Honduras on account of a protected ground. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group" (emphasis in original)); *Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001) (harm based on personal retribution is not persecution on account of a protected ground).

Substantial evidence also supports the IJ's determination that Pineda Melgar failed to demonstrate a reasonable possibility of torture by or with the consent or acquiescence of the government if returned to Honduras. *See Andrade-Garcia*, 828 F.3d at 836 ("[A] general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence.").

Finally, we do not consider the materials referenced in Pineda Melgar's opening brief that are not part of the administrative record. *See Fisher v. INS*, 79

F.3d 955, 963-64 (9th Cir. 1996) (en banc) (court's review is limited to the

administrative record).

**PETITION FOR REVIEW DENIED.**