**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

JAN 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA ELENA RAMOS RAMIREZ; et al., | No. 18-73223 |
| Petitioners, | Agency Nos. A206-680-633<br>A206-680-634 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 8, 2020**

Before:     CALLAHAN, NGUYEN, and HURWITZ, Circuit Judges.

Maria Elena Ramos Ramirez and her minor child, natives and citizens of

Guatemala, petition pro se for review of the Board of Immigration Appeals' order

dismissing their appeal from an immigration judge's decision denying their

application for asylum, withholding of removal, and relief under the Convention

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's determination that petitioners failed to establish that the harm they experienced or fear in Guatemala was or would be on account of a protected ground. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). We do not reach petitioners' contentions regarding whether their past harm rose to the level of persecution. *See Navas v. I.N.S.*, 217 F.3d 646, 658 n.16 (9th Cir. 2000) (review limited to the grounds relied on by the agency). Thus, petitioners' asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT relief because petitioners failed to show it is more likely than not they will be tortured by or with

the consent or acquiescence of the government if returned to Guatemala.  *See Aden*

*v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**