NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCISCO RAMIREZ-ESCARENO, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.    17-70101 <br><br> Agency No. A076-644-427 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2020[**]

Before:      TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Francisco Ramirez-Escareno, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We review de novo due process claims in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

The record does not compel the conclusion that Ramirez-Escareno applied for asylum within a reasonable period of any changed or extraordinary circumstances as to excuse the untimely filing of his asylum application. *See* 8 C.F.R. § 1208.4(a)(4), (5); *Husyev v. Mukasey*, 528 F.3d 1172, 1181-82 (9th Cir. 2008). Ramirez-Escareno's contention that the lack of a statutory definition of "reasonable period" violates due process is unpersuasive.

Substantial evidence supports the agency's determination that Ramirez-Escareno failed to establish that he would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *see also Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"). Thus, Ramirez-Escareno's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because

Ramirez-Escareno failed to show that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**