NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 21 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JESUSA DOMINGO-GONZALEZ,

       Petitioner,

  v.

WILLIAM P. BARR, Attorney General,

       Respondent.

No.   19-71919

Agency No. A206-799-754

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2020[**]

Before:    TASHIMA, BYBEE, and WATFORD, Circuit Judges.

    Jesusa Domingo-Gonzalez, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's determination that Domingo-Gonzalez failed to establish she was or would be persecuted in Guatemala on account of a protected ground. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Substantial evidence also supports the agency's determination that Domingo-Gonzalez failed to establish an objectively reasonable fear of future persecution as a member of a disfavored group. *See Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009) (petitioner must demonstrate a "unique risk of persecution upon return that was distinct from the petitioner's mere membership in a disfavored group." (citation omitted)). Thus, Domingo-Gonzalez's asylum claim fails.

In this case, because Domingo-Gonzalez failed to establish eligibility for asylum, she failed to establish eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence also supports the agency's denial of CAT relief because

2                                                                    19-71919

Domingo-Gonzalez failed to show it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Garcia-Milian*, 755 F.3d at 1033-35 (concluding that petitioner did not establish the necessary "state action" for CAT relief).

Domingo-Gonzalez's opposed motion for a stay of removal (Docket Entry No. 1) is denied as moot.

**PETITION FOR REVIEW DENIED.**

19-71919