**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

HERBERTH NOEL AYALA,
                              *Petitioner,*

v.

ERIC H. HOLDER JR., Attorney
General,
                              *Respondent.*

No. 08-71868

Agency No.
A073-967-361

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011*
San Francisco, California

Filed May 19, 2011

Before: Raymond C. Fisher** and Richard C. Tallman,
Circuit Judges, and Arthur J. Tarnow, District Judge.***

Per Curiam Opinion

---

*The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**Judge Raymond C. Fisher was drawn to replace Judge David R. Thompson, now deceased. Judge Fisher has read the briefs and reviewed the record.

***The Honorable Arthur J. Tarnow, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

## COUNSEL

Frank P. Sprouls, Law Office of Ricci and Sprouls, San Francisco, California, for the petitioner-appellant.

Gregory G. Katsas, Assistant Attorney General, Civil Division, Linda S. Wernery, Assistant Director, Susan Bennett Green and Edward Earl Wiggers, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for the respondent-appellee.

## OPINION

PER CURIAM:

Herberth Noel Ayala, a native and citizen of El Salvador, petitions for review of a decision of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's denial of his applications for asylum, withholding of removal and protection under the Convention Against Torture. He alleges that, during his past service as a military officer, he investigated drug crimes, and that after he was discharged he was attacked and threatened by drug dealers he had personally arrested. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

We review de novo questions of law, including whether a group constitutes a "particular social group" under the Immi-

gration and Nationality Act (INA). *See Perdomo v. Holder*, 611 F.3d 662, 665 (9th Cir. 2010). We examine the BIA's factual findings, including whether a petitioner was persecuted on account of his membership in a "particular social group," under the substantial evidence standard. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742-43 (9th Cir. 2008).

**[1]** To establish eligibility for asylum, an applicant must demonstrate that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i). In this case, Ayala claims past persecution and a fear of future persecution on account of his membership in a particular social group of former military officers who suffer reprisals based on their prior prosecution of wrongdoers.

**[2]** Because Ayala was a *former* officer when the relevant incidents took place, he is not precluded from establishing a cognizable social group under the INA. Although in *Arriaga-Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir. 1991), we held "that the military is not a social group qualifying its servicemen or former servicemen for asylum eligibility," we later recognized that *former* officers may be members of a cognizable social group. *See Cruz-Navarro v. INS*, 232 F.3d 1024, 1029 (9th Cir. 2000) ("Persons who are persecuted because of their status as a former police or military officer, for example, may constitute a cognizable social group under the INA."); *Velarde v. INS*, 140 F.3d 1305, 1311 (9th Cir. 1998) ("Velarde's status [as a former bodyguard to the Presidential family] 'is in fact an immutable characteristic' which can provide the basis for finding 'persecution on account of political opinion or membership in a social group.' " (quoting *Matter of Fuentes*, 19 I. & N. Dec. 658, 662 (B.I.A. 1988)), *superseded by statute on other grounds as stated in Falcon Carriche v. Ashcroft*, 350 F.3d 845, 854 n.9 (9th Cir. 2003); *Chanco v. INS*, 82 F.3d 298, 303 (9th Cir. 1996) ("Chanco is

correct that reprisals against former military officers can provide a basis for granting asylum.").

Moreover, the BIA has concluded, in *Matter of C-A-*, 23 I. & N. Dec. 951 (B.I.A. 2006), that a particular social group of former officers is conceivable. According to *C-A-*, "[w]ere a situation to develop in which former police officers were targeted for persecution because of the fact of having served as police officers, a former police officer could conceivably demonstrate persecution based upon membership in a particular social group of former police officers." *Id.* at 958-59. We defer to the BIA's interpretation of "particular social group" and adopt *C-A-*'s analysis. *See Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 982-83 (2005).

[3] Nonetheless, although Ayala is not precluded from demonstrating membership in a particular social group, he is still not entitled to relief. Even assuming Ayala's proposed social group is both "socially visible" and "particular," Ayala must establish that any persecution was or will be *on account of* his membership in such group. *See Santos-Lemus*, 542 F.3d at 743-44. "[I]t is not enough to simply identify the common characteristics of a statistical grouping of a portion of the population at risk. Rather, . . . there must be a showing that the claimed persecution is on account of the group's identifying characteristics." *Matter of E-A-G-*, 24 I. & N. Dec. 591, 595 (B.I.A. 2008) (internal citations and quotation marks omitted).

[4] Substantial evidence supports the BIA's determination that Ayala failed to make this showing. Rather than demonstrating that Ayala was persecuted on account of his membership in a particular social group, the evidence demonstrates that Ayala was only shot at and threatened because, while an officer, he had arrested a particular drug dealer. Though disturbing, this type of persecution is not cognizable under the INA. *See C-A-*, 23 I. & N. Dec. at 958-59 ("[I]f a former police officer [is] singled out for reprisal, not because of his

status as a former police officer, but because of his role in disrupting particular criminal activity, he [is] not . . . considered, without more, to have been targeted as a member of a particular social group."); *see also Cruz-Navarro*, 232 F.3d at 1030.

**[5]** Because Ayala has failed to establish eligibility for asylum, he necessarily fails to establish eligibility for withholding of removal. *See Cruz-Navarro*, 232 F.3d at 1031. Finally, because there is no indication that Ayala will be tortured upon return to El Salvador, or that any mistreatment he might suffer upon return will be inflicted with the consent or acquiescence of Salvadoran public officials, he is not entitled to protection under the Convention Against Torture. *See Arteaga v. Mukasey*, 511 F.3d 940, 948 (9th Cir. 2007).

**PETITION FOR REVIEW DENIED.**