MEMORANDUM ****
Pralhad Bikram Shah, a native and citizen of Nepal, petitions for review of a decision of the Board of Immigration Appeals (BIA) adopting and affirming an Immigration Judge’s (IJ) denial of Shah’s application for asylum, withholding of removal and protection under the Convention Against Torture (CAT). Shah asserts past persecution and a fear of future persecution by the Maoists on account of both his imputed political opinion and his status as a former police officer. He also claims persecution by the Nepalese police on account of his suspected ties to the Maoists. The BIA affirmed the IJ’s determination that Shah’s claim of persecution by the Nepalese police was not credible, and also agreed with the IJ that Shah’s alleged fear of persecution by the Maoists lacked a nexus to a protected ground for relief. *605 The BIA also affirmed the IJ’s denial of relief under the CAT. We grant in part and deny in part the petition for review.
1. The adverse credibility determination underlying the IJ’s rejection of Shah’s claim of persecution by the Nepalese police is supported by substantial evidence. Shah’s alleged fear of the Nepalese police appeared nowhere in his asylum application or his interview with the asylum officer. The omission from the asylum application of this “dramatic, pivotal event” going to the heart of Shah’s claim supports the IJ’s adverse credibility finding. Alvarez-Santos v. INS, 332 F.3d 1245, 1254 (9th Cir.2003); see also Li v. Ashcroft, 378 F.3d 959, 964 (9th Cir.2004). We therefore deny the petition as it relates to Shah’s alleged fear of the Nepalese police.
2. The IJ improperly rejected Shah’s claims for asylum and withholding of removal based on his fear of the Maoists, however. The IJ expressly found that the harm Shah suffered rose to the level of persecution. She nonetheless denied relief after concluding Shah had shown no nexus to a protected ground, finding he was persecuted “because of and only in the context of his role as a police officer in Nepal.” This finding is unsupported by substantial evidence.
The IJ correctly concluded that any past persecution Shah suffered solely on account of his status as a police officer was not, without more, cognizable under the INA. See Cruz-Navarro v. INS, 232 F.3d 1024, 1029 (9th Cir.2000); Matter of Fuentes, 19 I. & N. Dec. 658, 661 (B.I.A. 1988) (“[DJangers faced by policemen as a result of that status alone are not ones faced on account of race, religion, nationality, membership in a particular social group, or political opinion.”).[1] But the record compels the conclusion that Shah was also persecuted, at least in part, for the political opinion imputed to him by the Maoists. See Sinha v. Holder, 564 F.3d 1015, 1021 n. 3 (9th Cir.2009). When the Maoists abducted Shah, they specifically stated they were targeting him because, in the course of his police duties, he instructed villagers on human rights and antiterrorism concepts. Thus the Maoists attributed to Shah a political opinion beyond the pro-government position naturally associated with a police officer, for which no protection is available. See Fuentes, 19 I. & N. Dec. at 661 (holding that attacks on officers “simply because they are highly visible embodiments of the power of the state” lack a nexus to any protected ground). Unlike a traditional police officer, Shah was charged with spreading a pro-human-rights political message. As a result, the Maoists saw Shah not merely as an enforcer of the government’s laws, but as an active political opponent, and they persecuted him in part for that imputed belief. See Cordon-Garcia v. INS, 204 F.3d 985, 992 (9th Cir.2000).[2]
*606 Because the IJ’s conclusion that Shah suffered no past persecution on account of a protected ground is unsupported by substantial evidence, we grant the petition as to Shah’s claim of persecution by the Maoists. Because Shah has suffered past persecution, he is entitled to the presumption that he has a well-founded fear of future persecution. Accordingly, we remand so that the IJ may determine whether the government has rebutted the presumption for purposes of both asylum and withholding of removal.[3] 8 C.F.R. § 1208.13(b); 8 C.F.R. § 1208.16(b).
3. The IJ noted that even if Shah were statutorily eligible for relief, she would have denied his asylum application as a discretionary matter because she believed he falsely augmented his testimony. This finding was unaccompanied by the required weighing of “all relevant favorable and adverse factors,” however. Kalubi v. Ashcroft, 364 F.3d 1134, 1139 (9th Cir. 2004); see also Gulla v. Gonzales, 498 F.3d 911, 916 (9th Cir.2007) (“[T]he danger of persecution should generally outweigh all but the most egregious of adverse factors.”) (internal quotation marks omitted). We therefore conclude the IJ abused her discretion in denying relief on this basis, and remand so that the IJ may conduct the proper balancing.
4. Although we grant the petition as to Shah’s claims for asylum and withholding of removal based on persecution by the Maoists, we reject his claim for relief under the CAT. Substantial evidence supports the IFs determination that Shah did not show that it is more likely than not he would be tortured if returned to Nepal. 8 C.F.R. § 1208.16(c)(2).
We grant Shah’s petition in part and remand for further consideration of his claims for asylum and withholding of removal based on persecution by the Maoists. We affirm the denial of relief under the CAT.
Each party shall bear its own costs on appeal.
Petition GRANTED IN PART and DENIED IN PART; REMANDED.

 xhis disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The IJ also correctly concluded Shah did not demonstrate a well-founded fear of future persecution based on his current status as a former police officer. Under certain circumstances, a former police officer can demonstrate membership in a particular social group cognizable under the INA. See Ayala v. Holder, 640 F.3d 1095, filed concurrently with this memorandum. But Shah did not demonstrate that any future persecution he may suffer will be on account of his status as a former police officer. He is therefore not entitled to relief on this basis. See id.

. We agree with our dissenting colleague that "[gluerilla revolutionaries ... may attack police officers in order take revenge for past acts or preclude the officer from further interfering with their illegal activity.” Dissent at 607. We disagree, however, that Shah was attacked solely for such reasons. Shah was also targeted for a political opinion distinct from his police officer status. Shah's status *606 as a police officer does not preclude him from showing that he was also considered to be a political activist, like the teacher in Cordon-Garcia, not just a "public servantf ] who embodied] the authority of the state.” Fuentes, 19 1. &N. Dec. at 661.

. The IJ’s findings regarding changed country conditions were made in the context of the CAT’s unique standard rather than the standard for asylum or withholding of removal. Remand for reevaluation of Shah's fear of future persecution is therefore appropriate.