**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAUL MORALES CORTEZ; MARIA REYNA VELADOR BARBA, | No. 11-70680 |
| Petitioners, | Agency Nos.    A070-937-760<br>A078-113-250 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2013[**]

Before:    LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Raul Morales Cortez, a native and citizen of Guatemala, and Maria Reyna

Velador Barba, a native and citizen of Mexico, petition for review of the Board of

Immigration Appeals' ("BIA") order dismissing their appeal from an immigration

judge's ("IJ") decision denying their application for asylum and withholding of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Kotasz v. INS*, 31 F.3d 847, 851 (9th Cir. 1994). We deny in part and grant in part the petition for review, and we remand.

The BIA found that Morales Cortez failed to show his kidnapping and the later incident with guerrillas occurred on account of a protected ground. With respect to the kidnapping, the record does not compel a different conclusion. *See INS v. Elias Zacarias*, 502 U.S. 478, 481 n.1 (1992) ("[t]o reverse the BIA finding we must find that the evidence not only *supports* that conclusion, but *compels* it") (emphasis in original).

However, with respect to the later incident, Morales Cortez provided evidence that after he stopped serving in the civil patrol, guerrillas came looking for him, assaulted his wife, and threatened to make an example of him. In his brief to the BIA, Morales Cortez argued the IJ erred by failing to consider his social group claim based on his status as a former member of the civil patrol. The BIA did not specifically address the social group argument when it found Morales Cortez failed to show his experiences with guerrillas occurred on account of a protected ground. *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) ("[T]he BIA [is] not free to ignore arguments raised by a [party]."); *see also Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (former membership in police or

military can constitute a particular social group).   Thus, we grant the petition for review as to Morales Cortez's asylum and withholding of removal claims and remand for further proceedings consistent with this disposition.  *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**