
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEVDAS SINGH LAISHRAM; KRISHNKULA LAISHRAM; PHALGUNI LAISHRAM; MELODY CHITRA LAISHRAM, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, JR., Attorney General, <br><br> Respondent. | No. 10-73370 <br><br> Agency Nos. A096-499-440 <br> A096-499-441 <br> A096-449-443 <br> A096-449-442 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 8, 2014[**]
San Francisco, California

Before: IKUTA, N.R. SMITH, and MURGUIA, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Petitioner Devdas Singh Laishram and his children,[1] natives and citizens of India, seek review of the Board of Immigration Appeals's ("BIA") decision upholding the immigration judge's denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). Reviewing the agency's factual findings for substantial evidence, *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010), we deny the petitions for review.[2]

Laishram argues that the BIA erred in concluding that he did not face past persecution on account of a protected ground. Although we recognize that Laishram suffered several tragic events in Manipur we hold that substantial evidence supports the BIA's determination that these events were not motivated by Laishram's political opinion or social group. *See Ayala v. Holder*, 640 F.3d 1095, 1098 (9th Cir. 2011); *Kozulin v. INS*, 218 F.3d 1112, 1115-16 (9th Cir. 2000).

First, substantial evidence in the record supports the BIA's determination that the mistreatment the Laishram family experienced in Manipur, including the

---

[1] Laishram's son, Krishnkula Laishram, seeks separate relief. Phalguni and Melody Laishram are derivative petitioners.

[2] We also deny the Government's motion to strike portions of Laishram's Reply brief.

murder of Laishram's wife, was not connected to Laishram's anti-separatist political opinion. *See Shrestha*, 590 F.3d at 1039.

Second, substantial evidence supports the BIA's conclusion that militants forced Laishram to turn over his property for reasons unrelated to his particular social group. *See Ayala*, 640 F.3d at 1098.

Laishram also argues that he has a well-founded fear of future persecution on account of his religion. However, substantial evidence supports the BIA's determination that Laishram does not have a well-founded fear of future persecution on account of his marriage to a Muslim woman, his conversion to Islam, or his later conversion to Christianity. *See Halim v. Holder*, 590 F.3d 971, 976-77 (9th Cir. 2009). We note that Laishram lived in India without incident after his conversion from Hinduism to Islam, undercutting any claim of a well-founded fear of future persecution based on that religious conversion. *See Tamang v. Holder*, 598 F.3d 1083, 1094 (9th Cir. 2010). And although the record shows that conversion from Hinduism to Christianity is disfavored in some parts of India, Laishram offers no explanation as to why he cannot relocate to the parts of India with concentrated populations of Christians. Thus, the record does not compel the conclusion that Laishram has a well-founded fear based on his conversion to Christianity. *See id*.

Laishram's son Krishnkula similarly contends that he has a well-founded fear of future persecution on account of his religion. But the record shows that Krishnkula follows no particular religion. We therefore hold that substantial evidence supports the BIA's conclusion that Krishnkula does not have a well-founded fear of future persecution. *See Halim*, 590 F.3d at 976-77.

Accordingly, substantial evidence supports the conclusion that Laishram and his children have shown neither past persecution nor a well-founded fear of future persecution, rendering them ineligible for asylum. Because petitioners have not demonstrated that they are eligible for asylum, their claims for withholding of removal likewise fail. *See Fernandes v. Holder*, 619 F.3d 1069, 1075 n.6 (9th Cir. 2010). Petitioners neglected to contest the denial of CAT relief in their opening brief to this Court and so have waived those claims, *see Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011), although petitioners have not demonstrated that they are eligible for CAT relief in any event.

Because we hold that petitioners' claims fail on the merits, we do not need to reach Laishram's arguments about the material support bar, 8 U.S.C. § 1182(a)(3)(B)(iv)(VI).

**PETITIONS DENIED.**

4