**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 28 2014

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KYUNG ROK MIN,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>　　　　　Respondent. | No. 13-70114<br><br>Agency No. A089-168-889<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2014[**]

Before:　　LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Kyung Rok Min, a native and citizen of South Korea, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

findings, *Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (per curiam), and we deny the petition for review.

The record does not compel the conclusion that Min established extraordinary circumstances to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(5); *see also Dhital v. Mukasey*, 532 F.3d 1044, 1049 (9th Cir. 2008). Thus, Min's asylum claim fails.

Substantial evidence supports the BIA's finding that Min did not establish that his membership in a particular social group of former police officers was one central reason for why he was threatened and fears future harm. *See Ayala,* 640 F.3d at 1098 (evidence demonstrated former officer was shot at and threatened because he had arrested particular criminal, not on account of his status as a former police officer). Thus, Min's withholding of removal claim fails.

Finally, substantial evidence supports the BIA's denial of Min's CAT claim because he failed to show it is more likely than not that he would be tortured with the consent or acquiescence of the South Korean government. *See Wakkary v. Holder*, 558 F.3d 1049, 1097-98 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**