
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| QING FENG LIN,<br><br>    Petitioner,<br><br> v.<br><br>LORETTA E. LYNCH,** Attorney General,<br><br>    Respondent. | No. 10-73897<br><br>Agency No. A097-331-564<br><br>MEMORANDUM* |
| QING FENG LIN,<br><br>    Petitioner,<br><br> v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>    Respondent. | No. 12-72759<br><br>Agency No. A097-331-564 |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

  *  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  **  Loretta E. Lynch is substituted for Eric H. Holder, Jr. as Attorney General.  Fed. R. App. P. 43(c)(2).

Submitted July 8, 2015[*]
San Francisco, California

Before: TALLMAN, M. SMITH, and MURGUIA, Circuit Judges.

Quin Feng Lin—and derivatively, Shurong Zou—petition for review of the Board of Immigration Appeals's ("BIA") final order dismissing their appeal of the Immigration Judge's ("IJ") decision denying them asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction over these consolidated petitions under 8 U.S.C. § 1252(a)(1). We deny the petitions for review.

**1.** Lin has not established that he is a member of a "particular social group" that (1) is comprised of members who share a "common, immutable characteristic," (2) "can accurately be described in a manner sufficiently distinct that the group would be recognized, in the society in question, as a discrete class of persons," *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1083, 1091 (9th Cir. 2013) (en banc) (citations and internal quotation marks omitted), and (3) "is understood to exist as a recognized component of the society in question," *Matter of W-G-R-*, 26 I. & N. Dec. 208, 217 (BIA 2014), *cited favorably in Pirir-Boc v. Holder*, 750 F.3d 1077, 1079 (9th Cir. 2014). Nor does the record compel the conclusion that

---

[***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the Chinese government persecuted Lin because of his opposition to political corruption. *Id.* at 223–24 (discussing nexus requirement). Rather, the record supports the BIA's conclusion that Lin's persecutor—a private individual—targeted him for personal reasons. *See Ayala v. Holder*, 640 F.3d 1095, 1097–98 (9th Cir. 2011) (holding that an alien cannot claim asylum based on persecution that is personally motivated). Lin has therefore failed to established eligibility for asylum. *See* 8 U.S.C. § 1101(a)(42)(A).

**2.** Because Lin has failed to establish eligibility for asylum, he "necessarily fails to establish eligibility for withholding of removal." *Cruz-Navarro v. I.N.S.*, 232 F.3d 1024, 1031 (9th Cir. 2000) (quoting *Singh-Kaur v. I.N.S.*, 183 F.3d 1147, 1149 (9th Cir. 1999)).

**3.** The record does not compel the conclusion that "it is more likely than not" Lin will be tortured if he returns to China. *See Bromfield v. Mukasey*, 543 F.3d 1071, 1079 (9th Cir. 2008) ("[Petitioner] is entitled to relief under CAT if he establishes that he would more likely than not be tortured in [his home country]."); *see also Garcia v. Holder*, 749 F.3d 785, 791–92 (9th Cir. 2014) (describing torture as an extreme concept).

**4.** Because Lin has not established eligibility for asylum or withholding of removal, Zou's derivative claim also fails.

Both petitions are, therefore,

**DENIED.**