**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

XUESONG LIN,

        Petitioner,

  v.

WILLIAM P. BARR, Attorney General,

        Respondent.

No.   14-73360

Agency No. A200-250-958

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 13, 2019[**]
Honolulu, Hawaii

Before: THOMAS, Chief Judge, and CALLAHAN and CHRISTEN, Circuit Judges.

Xuesong Lin seeks review of the Board of Immigration Appeal's (BIA) denial of his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny the petition. The facts are

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

familiar to the parties and are restated here only as necessary to resolve the issues raised by the petition for review.

Where, as here, the BIA issues its own decision but relies in part on the Immigration Judge's opinion, we review both decisions. *Flores-Lopez v. Holder*, 685 F.3d 857, 861 (9th Cir. 2012). The agency's findings of fact are reviewed under a substantial evidence standard. *Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (per curiam). Under the substantial evidence standard, we may reverse the BIA's decision "only if the evidence 'was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution.'" *Cruz-Navarro v. INS*, 232 F.3d 1024, 1028 (9th Cir. 2000) (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 483–84 (1992)).

Because Lin's asylum application was filed after May 11, 2005, the REAL ID Act applies and the BIA was entitled to consider the totality of the circumstances and all relevant factors in making a credibility determination. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). Lin proffered inconsistent testimony as to how he obtained the certificate of ligation, and why the certificate indicated that he had only two children. Furthermore, his wife's letter did not corroborate his statement that officials continued to come to his wife's house looking for him. Because there is little else in the record to support his claim of persecution based

on a political opinion, Lin has not shown that the BIA was compelled to find that he was credible or entitled to relief.

The petition is **DENIED**.