**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICARDO MACIEL-PIMENTEL; ESTELA TORRES MACIEL, Petitioners, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 19-71037 Agency Nos. A099-854-281 A200-978-552 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 5, 2020**

Before: SCHROEDER, HAWKINS, and LEE, Circuit Judges.

Ricardo Maciel-Pimentel and Estela Torres Maciel, natives and citizens of

Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from an immigration judge's ("IJ") decision denying their

applications for asylum, withholding of removal, and relief under the Convention

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We review de novo questions of law and claims of due process violations in immigration proceedings. *Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 889 (9th Cir. 2018). We deny the petition for review.

The record does not compel the conclusion that petitioners established changed circumstances to excuse their untimely asylum applications. *See* 8 C.F.R. § 1208.4(a)(4). In light of the agency's time bar determination, the agency did not err in not reaching the merits of petitioners' asylum and humanitarian asylum claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Substantial evidence supports the agency's finding that petitioners failed to establish that the harm they experienced or fear was or would be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *see also Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group").

19-71037

Substantial evidence also supports the agency's denial of CAT relief because petitioners failed to show it is more likely than not they would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The record does not support petitioners' contentions that the agency failed to consider evidence or otherwise erred in the analysis of their asylum, withholding of removal, or CAT claims.

Any error in the agency's denial of administrative closure does not require remand in the circumstances here. *See Gonzalez-Caraveo*, 882 F.3d at 894 ("In sum, despite the IJ and BIA's legal error, remand is not required here because Petitioners no longer have any remaining claims for relief or pending petitions that might affect their immigration proceedings.").

Petitioners' motion for stay of removal (Docket Entry No. 1) is denied as moot.

**PETITION FOR REVIEW DENIED.**