**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANGEL ESTUARDO MORALES-
RANGEL, Luis Anibal Gutierrez-Jaciento,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   15-73535

Agency No. A205-657-884

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 9, 2020**

Before:  THOMAS, Chief Judge, TASHIMA and W. FLETCHER, Circuit Judges.

Angel Estuardo Morales-Rangel, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying his applications for asylum, withholding

of removal, and relief under the Convention Against Torture ("CAT").  We have

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's determination that Morales-Rangel failed to demonstrate a nexus between the harm he experienced or fears in Guatemala and a protected ground. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account* of his membership in such group"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Morales-Rangel's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because Morales-Rangel failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of torture).

As stated in the court's February 16, 2016 order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

15-73535