NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 25 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RODOLFO EDENILSON HERNANDEZ-MIJANGOS; et al.,<br><br>　　　　　Petitioners,<br><br>　v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>　　　　　Respondent. | No.　21-70777<br><br>Agency No. A209-999-474<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2022**
San Francisco, California

Before:  HURWITZ and VANDYKE, Circuit Judges, and ERICKSEN,*** District Judge.

---

\*　　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*　　　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*　　　The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, sitting by designation.

Rodolfo Hernandez-Mijangos, his wife, and their three minor children, natives and citizens of El Salvador, seek review of a Board of Immigration Appeals (BIA) decision dismissing their appeal from an order of an Immigration Judge (IJ) that denied their application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We deny the petition for review.

Failure to raise a claim before the BIA deprives this Court of jurisdiction to review that unraised claim. 8 U.S.C. § 1252(d)(1); *see also Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 894 (9th Cir. 2021) (holding that a legal claim must have been presented to the BIA for this Court to have jurisdiction over it). Before the IJ, Hernandez-Mijangos acknowledged that the El Salvadoran government was willing to put him in a witness protection program, but he still decided to leave the country. When Hernandez-Mijangos appealed to the BIA, he claimed the El Salvadoran government refused to protect him and told him to leave the country. In his petition for review, however, Mr. Hernandez-Mijangos claims for the first time that the witness protection program offered to him in El Salvador was not effective. Because the effectiveness of the witness protection program was not raised before the agency, this Court lacks jurisdiction to address it.

In any event, Hernandez-Mijangos has failed to establish his entitlement to relief. We review the BIA's denial of asylum, withholding of removal, and CAT

protection for substantial evidence. *Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (per curiam). Neither the fact that Mr. Hernandez-Mijangos voluntarily left the country merely two weeks after he and his family were placed in the witness protection program nor the country conditions report compel the conclusion that the program was ineffective or that he would be subject to persecution or torture if returned to El Salvador.

**PETITION DENIED.**