

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANUEL FONTES GARCIA,<br><br>              Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>              Respondent. | No.   20-70729<br><br>Agency No. A201-564-438<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2023[**]
Las Vegas, Nevada

Before:  CLIFTON, BYBEE, and BENNETT, Circuit Judges.

Petitioner Manuel Fontes Garcia, a native and citizen of Cuba, seeks review

of the Board of Immigration Appeals' (BIA) decision denying his application for

asylum.  The BIA affirmed the immigration judge's (IJ) determination that Fontes

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Garcia was ineligible for asylum because the treatment he complained of was prosecution, not persecution, and he failed to establish past persecution or a well-founded fear of future persecution. Because substantial evidence supports finding that Fontes Garcia's treatment was not persecution due to political opinion we deny the petition.

We have jurisdiction to review the BIA's decision under 8 U.S.C. § 1252(a)(1). Where, as here, the BIA affirms the IJ and incorporates the IJ's reasoning, we review both the decision of the BIA and the IJ. *Sinotes-Cruz v. Gonzales*, 468 F.3d 1190, 1194 (9th Cir. 2006). We review factual findings, including whether an applicant demonstrated asylum eligibility, for substantial evidence. *Rodrigues Tornes v. Garland*, 993 F.3d 743, 750 (9th Cir. 2021). The BIA's findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

To establish eligibility for asylum, an applicant must demonstrate either past persecution or a well-founded fear of future persecution and that the "persecution was or will be *on account of*" a protected ground (race, religion, nationality, membership in a particular social group, or political opinion). *Ayala v.* Holder, 640 F.3d 1095, 1097 (9th Cir. 2011); *see* 8 U.S.C. §§ 1158(b)(1)(A), 1101(a)(42)(A). "[T]he protected ground cannot play a minor role . . . [I]t cannot

2

be incidental, tangential, superficial, or subordinate to another reason for harm."
*Parussimova v. Mukasey*, 555 F.3d 734, 741 (9th Cir. 2009) (citation omitted).

Importantly, "[w]e have long distinguished persecution from prosecution," *Li v.
Holder*, 559 F.3d 1096, 1108 (9th Cir. 2009), and "[p]ersons avoiding lawful

prosecution for common crimes are not ordinarily deemed refugees." *Chanco v.
INS*, 82 F.3d 298, 301 (9th Cir. 1996). Furthermore, "[i]t is only where there

appears to be no other logical reason for the persecution at issue that the IJ may

draw the inference that the police investigation is a subterfuge for political

harassment." *Dinu v. Ashcroft*, 372 F.3d 1041, 1045 (9th Cir. 2004) (internal

quotation marks and citation omitted).

Substantial evidence supports the IJ and BIA's conclusion that the treatment

Fontes Garcia complains of was prosecution rather than persecution on the basis of

political opinion. Fontes Garcia provided evidence, including payment receipts

and a court order, of fines for failing to provide proof of purchase for the

merchandise in his stores. Further, he testified that he does not belong to any

particular social group and denied activity in anti-government parties or

organizations. There is no evidence aside from Fontes Garcia's testimony that

police confiscated his goods, detained him, and fined him because of his pro-

private business views.

Furthermore, on the record in this case, a reasonable adjudicator would not be compelled to conclude that Fontes Garcia suffered past persecution or had a well-founded fear of future persecution in Cuba. "Persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Wakkary v. Holder*, 558 F.3d 1049, 1059 (9th Cir. 2009) (internal quotation marks and citation omitted). This court has recognized that "[t]hreats standing alone . . . constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm." *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (internal quotation marks and citation omitted).

Fontes Garcia alleges that the police repeatedly confiscated merchandise, detained him, and issued fines for failure to provide proof of purchase of the goods at his businesses. He was never physically injured while detained. As discussed above, this type of treatment supports an inference of prosecution rather than persecution. *See Ahmed v. Keisler*, 504 F.3d 1183, 1195 (9th Cir. 2007) (explaining that "[o]rdinary prosecution for criminal activity is generally not a ground for relief," but "if the prosecution is motivated by a protected ground, and the punishment is sufficiently serious or disproportionate, the sanctions imposed can amount to persecution").

Because the record does not compel a conclusion of past persecution, Fontes Garcia must demonstrate a well-founded fear of future persecution with a "subjectively genuine and objectively reasonable" fear of future persecution. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017) (en banc) (citation omitted). He must show "by credible, direct, and specific evidence in the record . . . facts supporting a reasonable fear of persecution on the relevant ground." *Fisher v. INS*, 79 F.3d 955, 960 (9th Cir. 1996) (en banc). The record does not compel a conclusion that Fontes Garcia demonstrated a well-founded fear of future persecution. As the IJ and BIA recognized, he was able to live and work in Cuba, obtain business permits and renew those permits, obtain a passport and freely travel out of the country, and own and sell property in the country. *See Mendez-Efrain v. INS*, 813 F.2d 279, 283 (9th Cir. 1987) (well-founded fear undermined by the fact that petitioner was "able to leave the country . . . without any interference from the government"). Further, the Country Conditions Report demonstrated that roughly one-third of Cuba's total workforce works in the private sector, suggesting that the government does not systematically persecute all those who work in the private sector for their political opinions.

The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.

**PETITION DENIED.**