NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 10 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FELIPE HEREDIA HERNANDEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.   20-72666

Agency No. A213-080-861

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2023[**]
Pasadena, California

Before: CALLAHAN, FORREST, and H.A. THOMAS, Circuit Judges.

Petitioner Felipe Heredia Hernandez seeks review of the Board of Immigration Appeals' (BIA) denial of his claims for withholding of removal and relief under the Convention Against Torture (CAT). He also argues that the Immigration Judge (IJ) lacked jurisdiction over his removal proceedings because of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

a deficient notice to appear. We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

We review only the BIA's decision, except to the extent the BIA adopted the IJ's decision. *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021). In doing so, we review the agency's legal conclusions de novo and factual findings for substantial evidence. *Id.*

1. ***IJ Jurisdiction.*** Our precedent forecloses Heredia Hernandez's argument that the IJ lacked jurisdiction because his notice to appear was deficient. *See United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188 (9th Cir. 2022) (en banc) ("[T]he failure of [a notice to appear] to include time and date information does not deprive the immigration court of subject matter jurisdiction."); *Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020) (same regarding failure to specify location of removal hearing).

2. ***Withholding of Removal.*** A petitioner may qualify for withholding if the person's "life or freedom would be threatened in [the country of removal] *because of* the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(3)(A) (emphasis added); *see also Barajas Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017). Substantial evidence supports the BIA's conclusion that there is an insufficient nexus between Heredia Hernandez's claimed social group—his family—and his feared persecution. Heredia

2

Hernandez fears that his brother's kidnappers will retaliate against him for cooperating with law enforcement if he is removed to Mexico. The BIA concluded that this feared persecution stems not from Heredia Hernandez's familial relationship with his brother but from the kidnappers' desire for personal revenge, and accordingly lacks a nexus to any protected ground. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (per curiam); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). The record does not compel us to reach a different conclusion.

3. ***CAT.*** "CAT protection cannot be granted unless an applicant shows a likelihood of torture that 'is inflicted by or at the instigation of or with the consent or acquiescence of a public official acting in an official capacity or other person acting in an official capacity.'" *B.R. v. Garland*, 26 F.4th 827, 844 (9th Cir. 2022) (citation omitted). The IJ found that Heredia Hernandez failed to demonstrate the required government acquiescence. Heredia Hernandez did not challenge this finding to the BIA, and the BIA concluded that he waived any challenge to the dispositive issue of government acquiescence. Because Heredia Hernandez failed to exhaust this challenge, we lack jurisdiction to consider it. *See Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020); *see also Iraheta-Martinez v. Garland*, 12 F.4th 942, 948 (9th Cir. 2021). Heredia Hernandez also "waived any argument as to [his] CAT claim by failing to 'specifically and distinctly' discuss the matter in [his] opening

brief," *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020), and even if he had not waived it, it would fail as he "has not shown a likelihood of torture by or with the acquiescence of public officials." *Id.*[1]

**PETITION DENIED IN PART AND DISMISSED IN PART.**

---

[1]The Government's motion to strike Heredia Hernandez's reply brief [D.E. 31] is GRANTED. The brief is overlength, *see* 9th Cir. R. 32-1(b), and it also raises numerous arguments that were not presented in Heredia Hernandez's opening brief, *see Velasquez-Gaspar*, 976 F.3d at 1065. Counsel is cautioned to ensure future compliance with our rules.

4