NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 27 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIA MAGDALENA REYES-TORRES,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 25-1396

Agency No.
A202-080-434

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 22, 2026[**]

Before: WARDLAW, CLIFTON, and R. NELSON, Circuit Judges.

Maria Magdalena Reyes-Torres, a native and citizen of El Salvador,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing her appeal from an immigration judge's decision denying her

applications for asylum, withholding of removal, and protection under the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). We deny the petition for review.

Substantial evidence supports the agency's determination that Reyes-Torres failed to show she was or would be persecuted on account of a protected ground. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be on account of his membership in such group"). Because Reyes-Torres failed to show any nexus to a protected ground, she also failed to satisfy the standard for withholding of removal. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 359-60 (9th Cir. 2017). Thus, Reyes-Torres' asylum and withholding of removal claims fail.

We do not address Reyes-Torres' remaining contentions as to past persecution, cognizability, and whether the government of El Salvador is unable or unwilling to protect her because the BIA did not deny relief on these grounds. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

Substantial evidence also supports the agency's denial of CAT protection because Reyes-Torres failed to show it is more likely than not she will be tortured

by or with the consent or acquiescence of the government if returned to El

Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The motion to stay removal is denied.

**PETITION FOR REVIEW DENIED.**