**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NERIS AVERCIO HENRIQUEZ-VASQUEZ, AKA Luis Garcia,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.  15-71881<br><br>Agency No. A088-889-647<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 9, 2020**

Before: THOMAS, Chief Judge, TASHIMA and W. FLETCHER, Circuit Judges.

Neris Avercio Henriquez-Vasquez, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his

application for withholding of removal and relief under the Convention Against

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's determination that Henriquez-Vasquez failed to establish that the harm he experienced or fears in El Salvador was or would be on account of a protected ground. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"); *Sagaydak v. Gonzales*, 405 F.3d 1035, 1042 (9th Cir. 2005) ("To establish a nexus to the political opinion ground, the [petitioner] must show (1) that [he] had either an affirmative or imputed political opinion, and (2) that [he was] targeted *on account of* that opinion.").

We do not reach Henriquez-Vasquez's contentions as to the cognizability of his proposed social groups because the BIA did not reach that issue. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (the court's review is limited to the actual grounds relied upon by the BIA).

We reject as unsupported by the record Henriquez-Vasquez's contentions that the agency misconstrued the record or otherwise erred in its analysis of his withholding of removal claim. *See id*. at 990 (agency need not write an exegesis on every contention).

2

Thus, Henriquez-Vasquez's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because Henriquez-Vasquez failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009). We reject as unsupported by the record Henriquez-Vasquez's contentions that the agency failed to consider evidence or otherwise erred in its analysis of his CAT claim. *See Najmabadi*, 597 F.3d at 990.

We do not consider new evidence that was not part of the record before the agency. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

**PETITION FOR REVIEW DENIED.**