NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 13 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIO JOSUE IRAHETA-LOPEZ, | No.   15-73026 |
| Petitioner, | Agency No. A205-513-353 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 9, 2020**

Before:  THOMAS, Chief Judge, TASHIMA and W. FLETCHER, Circuit Judges.

Mario Josue Iraheta-Lopez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence

---

  *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  **     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny in part and grant in part the petition for review, and we remand.

Substantial evidence supports the agency's determination that Iraheta-Lopez failed to establish a protected ground was or would be one central reason for the harm he experienced or fears in El Salvador. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account* of his membership in such group"); *Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Thus, Iraheta-Lopez's asylum claim fails.

As to withholding of removal, the agency did not have the benefit of *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (holding that the "one central reason" standard applies to asylum but not withholding of removal). Thus, we grant the petition for review and remand Iraheta-Lopez's withholding of removal claim to the agency for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Substantial evidence supports the agency's denial of CAT relief because Iraheta-Lopez failed to show it is more likely than not he would be tortured by or

15-73026

with the consent or acquiescence of the government if returned to El Salvador. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of torture).

Iraheta-Lopez's removal is stayed pending a decision by the BIA.

The government must bear the costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**