**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CECILIA BEATRIZ MORALES-FLORES; et al., <br><br> Petitioners, <br><br> v. <br><br> ROBERT M. WILKINSON, Acting Attorney General, <br><br> Respondent. | No. 19-71556 <br><br> Agency Nos. A208-171-158 <br> A208-171-159 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2021[**]

Before: McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

Cecilia Morales-Flores and her minor daughter, natives and citizens of El Salvador, petition for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's decision denying their applications for asylum, withholding of removal, and relief under the Convention

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's determination that petitioners failed to establish they were or would be persecuted on account of a protected ground. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, petitioners' asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because Morales-Flores failed to show it is more likely than not she will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

As stated in the court's October 25, 2019 order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**