**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

SEP 20 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HUGO ALDANA HERNANDEZ, | No. 20-71332 |
| Petitioner, | Agency No. A205-536-547 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 14, 2021**

Before: PAEZ, NGUYEN, and OWENS, Circuit Judges.

Hugo Aldana Hernandez, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the petition for review.

Substantial evidence supports the agency's determination that Aldana Hernandez failed to establish that the harm he experienced or fears was or would be on account of a protected ground. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"); *Cruz-Navarro v. INS*, 232 F.3d 1024, 1029 (9th Cir. 2000) ("Persecution occurring because a person is a current member of a police force . . . is not *on account of* one of the grounds enumerated in the Act." (internal quotation marks and citation omitted)). Thus, Aldana Hernandez's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because Aldana Hernandez failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Garcia-Milian v. Holder*, 755 F.3d 1026, 1033-35 (9th Cir. 2014) (concluding that petitioner did not establish the necessary "state action" for CAT relief).

20-71332

We reject as unsupported by the record Aldana Hernandez's contentions that the agency ignored evidence or otherwise erred in its analysis of his claims.

We do not consider materials included with Aldana Hernandez's opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**