NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 25 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ROBERTO ANTONIO RAMIREZ-PINEDA, | No. 20-73363 |
| Petitioner, | Agency No. A078-461-089 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2022**
San Francisco, California

Before: HURWITZ and VANDYKE, Circuit Judges, and ERICKSEN,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, sitting by designation.

Roberto Ramirez-Pineda, a native and citizen of El Salvador, seeks review of a Board of Immigration Appeals (BIA) decision dismissing his appeal from the order of an Immigration Judge (IJ) that denied his application for withholding of removal and protection under the Convention Against Torture (CAT). We deny the petition for review.

We have jurisdiction to review BIA decisions under 8 U.S.C. § 1252 and review the agency's factual findings for substantial evidence and questions of law *de novo*. *Ayala v. Holder*, 640 F.3d 1095, 1096–67 (9th Cir. 2011) (per curiam). "To reverse the BIA, we must determine that the evidence not only *supports* [a contrary] conclusion, but *compels* it—and also compels the further conclusion that the petitioner meets the requisite standard for obtaining relief." *Sanjaa v. Sessions*, 863 F.3d 1161, 1164 (9th Cir. 2017) (internal quotations omitted).

Here, substantial evidence supports the agency's finding that Ramirez-Pineda failed to demonstrate a nexus between a protected ground and his fear of future persecution. Substantial evidence in the record shows that Ramirez-Pineda was personally targeted after he shot a gang member in the foot during routine policing. "If a former police officer is singled out for reprisal, not because of his status as a former police officer, but because of his role in disrupting particular criminal activity, he is not considered, without more, to have been targeted as a member of a particular social group." *Ayala*, 640 F.3d at 1098 (cleaned up); *cf.*

*Madrigal v. Holder*, 716 F.3d 499, 505–06 (9th Cir. 2013) (finding former police officers were targeted as a group when gang members killed task force members without regard to their involvement in a particular enforcement operation). The record here does not show or compel the conclusion that he was targeted for his membership in the protected group of former police officers.

Substantial evidence also supports the agency's conclusion that Ramirez-Pineda failed to demonstrate that the government of El Salvador is unwilling or unable to protect him from future torture. While the record includes evidence of widespread gang violence it also includes evidence of increased security forces by the Salvadoran government to combat gang violence. The mixed record does not compel the reversal of the BIA decision. *Go v. Holder*, 640 F.3d 1047, 1054 (9th Cir. 2011). Nor does the record compel the conclusion that if removed Ramirez-Pineda would face a more likely than not risk of torture inflicted by or with the consent of the Salvadoran government. 8 C.F.R. § 1208.18(a)(1); *see Tamang v. Holder*, 598 F.3d 1083, 1095 (9th Cir. 2010). Therefore, the agency properly denied his CAT claim.

Finally, the BIA did not abuse its discretion when it declined to consider a brief filed over two months past the filing deadline. *See* 8 C.F.R. § 1003.3(c)(1) (giving the BIA discretion to permit late filings). Still, Ramirez-Pineda was not prejudiced considering the BIA addressed the merits of his appeal in its opinion.

**PETITION DENIED.**