

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JESUS CIRINO JIMENEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    20-72537

Agency No. A075-304-442

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2022**
San Francisco, California

Before:  WALLACE, S.R. THOMAS, and McKEOWN, Circuit Judges.

Jesus Jimenez, a native and citizen of Mexico, petitions for review of a

Board of Immigration Appeals ("BIA") order affirming an Immigration Judge's

("IJ") denial of his applications for asylum, withholding of removal, and relief

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, meaning "we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). Questions of law are reviewed de novo. *Madrigal v. Holder*, 716 F.3d 499, 503 (9th Cir. 2013). Where, as here, the BIA appears to have conducted a de novo review of the record and the law, our review is generally limited to the BIA's own decision, except to the extent its decision incorporates the IJ's reasoning. *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020). Thus, we may not base our decision on any reasons the BIA itself has not provided. *Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016).

We grant in part and deny in part the petition for review and remand to the BIA for further proceedings consistent with this disposition.

I

We deny Jimenez's petition to the extent it claims eligibility for asylum and withholding of removal based on his membership in the particular social groups ("PSGs") of "honest police officers" or "former police officers." Even assuming that both of these PSGs are cognizable, substantial evidence supports the BIA's finding that Jimenez's membership in them is not "a reason" for any harm he

previously suffered or might face in the future.[1]  Rather, Jimenez's own testimony indicates that the various threats and acts of violence against him were motivated purely by personal retribution for arrests and investigations he carried out as a member of the Oaxaca state police force.  *See Grava v. INS*, 205 F.3d 1177, 1181 n.3 (9th Cir. 2000) (holding "[p]urely personal retribution is, of course, not persecution on account of" a protected ground); *Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (per curiam) (identifying no nexus to a protected ground where the record showed the petitioner was harmed for arresting a particular individual).  Although scattered references in the record to recent acts of violence against police in Mexico might imply some additional motive, the record does not *compel* deviation from the BIA's conclusion that Jimenez was targeted based on revenge alone.  *See Duran-Rodriguez*, 918 F.3d at 1028.

Substantial evidence also supports the BIA's finding that Jimenez was not and will not be persecuted by criminals or their associates on account of his anti-corruption political opinion.  The record does not show how these individuals could have even known of Jimenez's political opinion, much less that their acts of

---

[1]  Because Jimenez filed his initial asylum application before May 11, 2005, we analyze it under the pre-REAL ID Act standards.  *See Sinha v. Holder*, 564 F.3d 1015, 1021 n.3 (9th Cir. 2009).

persecution were motivated by it. Thus, the BIA did not err in finding that Jimenez also was not eligible for asylum or withholding on this basis.

II

However, the BIA erred in failing to address Jimenez's claim that he was *also* persecuted by his police colleagues on account of his political opinion. Specifically, Jimenez contends that he was threatened by superiors and his work was "impact[ed]" because he resisted participation in their corrupt acts. From its decision, it is difficult to say whether the BIA recognized that Jimenez had raised such a past persecution claim at all. To the extent that the BIA's decision *does* address this claim, it merely implies that an active duty police officer cannot claim asylum on the ground that he was persecuted for expressing a political opinion. But that is incorrect as a matter of law. *See Grava*, 205 F.3d at 1181–82 (recognizing that a police officer's exposure of his colleagues' and commanders' corrupt practices and his resulting persecution can qualify him for asylum). Thus, we have no choice but to remand to the BIA. On remand, the BIA should also revisit its withholding of removal and well-founded fear determinations, insofar as its reconsideration of this past persecution claim requires it.

4

## III

We deny Jimenez's petition for review as to the BIA's dismissal of his CAT claim. Substantial evidence supports the BIA's determination that he is not more likely than not to be tortured if returned to Mexico, given that Jimenez did not prove he has been tortured in the past; the evidence suggests he could relocate within Mexico to avoid future harm; and the country conditions reports do not reflect a threat of violence particularized to Jimenez. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 361 & n.38 (9th Cir. 2017). The agency also did not commit legal error in denying Jimenez CAT relief. The IJ faithfully summarized the country conditions reports and explicitly stated that it had reviewed and considered all of the evidence in the record.[2] Additionally, the parties agreed that the legal conclusions in an affidavit prepared by Jimenez's expert would receive only the weight of lay testimony. Under these circumstances, the agency discharged its duty to consider all relevant evidence in the record. *See Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir. 2011).

> **PETITION GRANTED IN PART, DENIED IN PART, REMANDED.**
> Each party shall bear its own costs.

---

[2] We may look to the IJ's discussion of Jimenez's CAT claim because the BIA explicitly referenced and agreed with this portion of the IJ's decision. *See Szonyi v. Barr*, 942 F.3d 874, 897 (9th Cir. 2019).