NOT FOR PUBLICATION

FILED

APR 25 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROSA LIDIA HERNANDEZ GARCIA; et al., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 23-1648 <br><br> Agency Nos. <br> A215-887-093 <br> A215-887-092 <br> A215-887-090 <br> A215-887-091 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 22, 2025[**]

Before:     GRABER, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Rosa Lidia Hernandez Garcia, Carlos Moises Hidalgo Valladares, and their

two minor children, natives and citizens of El Salvador, petition pro se for review

of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from

an immigration judge's decision denying their applications for asylum,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). We review de novo constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and grant in part the petition for review, and remand.

As to asylum, substantial evidence supports the agency's determination that petitioners failed to show they were or would be persecuted on account of a protected ground. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (an applicant must show that "persecution was or will be *on account of* his membership in such group") (emphasis in original); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Because petitioners failed to show any nexus to a protected ground, they also failed to satisfy the standard for withholding of removal. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 359-60 (9th Cir. 2017).

We do not address petitioners' contentions as to the Salvadoran government's inability or unwillingness to control their feared persecutors because the BIA did not deny relief on these grounds. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we

consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

Thus, petitioners' asylum and withholding of removal claims fail.

As to CAT protection, the agency failed to consider all relevant evidence, including Hidalgo Valladares' testimony that gang members harmed his mother after she returned to El Salvador, he personally knew people who were murdered by gangs after seeking medical attention or reporting their harm, and he had seen news reports of police officers working for gangs. The agency also failed to consider the documentary evidence of gang infiltration and control over the market where Hidalgo Valladares worked, and of government collaboration and negotiation with gangs. Thus, the agency erred by failing to consider all relevant evidence, and remand is warranted. *See Cole v. Holder*, 659 F.3d 762, 771-72 (9th Cir. 2011) (agency decision cannot stand where there is any indication it did not consider all evidence before it, including "misstating the record"); *see also Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1089-90 (9th Cir. 2020) (remand where BIA failed to consider all evidence relevant to CAT protection).

Petitioners' claim that the interpreter's errors during the second merits hearing violated due process fails for lack of prejudice. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) ("prejudice . . . means that the outcome of the proceeding may have been affected by the alleged violation.").

Petitioners' contention that the BIA failed to adequately articulate its reasons for denying the due process claim is not supported by the record. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency need not write an exegesis on every contention).

Thus, we grant the petition for review in part and remand petitioners' CAT claim to the BIA for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

The parties shall bear their own costs on appeal.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**