NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

MAY 20 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FATIMA GUADALUPE MONJARAS-SEGOVIA; KATYA NOEMY GOMEZ-MONJARAS, | No. 25-5213 |
| | Agency Nos. |
| Petitioners, | A205-479-099 |
| | A205-479-100 |
| v. | |
| | MEMORANDUM* |
| TODD BLANCHE, Acting Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 30, 2026**

Before: RAWLINSON, VANDYKE, and MENDOZA, Circuit Judges;
Partial Concurrence and Partial Dissent by Judge Mendoza.

Fatima Guadalupe Monjaras-Segovia ("Petitioner"),[1] a native and citizen of

El Salvador, petitions for review of a decision by the Board of Immigration Appeals

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Petitioner's daughter, Katya Noemy Gomez-Monjaras, is a derivative beneficiary of Petitioner's asylum claim. *See* 8 U.S.C. § 1158(b)(3)(A).

("BIA") dismissing her appeal of an Immigration Judge's ("IJ") denial of her asylum, withholding of removal, and Convention Against Torture ("CAT") claims. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions. *See Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014). We review the agency's nexus finding for substantial evidence. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023). Under that standard, the agency's finding is conclusive "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022) (citation omitted).

1. Substantial evidence supports the agency's finding that Petitioner failed to establish the required nexus between her proposed particular social groups ("PSGs")—"Salvadoran women" and "Central American women who are viewed as property"—and the harm she experienced and feared from two men, Ramiro Lemus ("Ramiro") and Moise Gomez Contreras ("Moise"). Substantial evidence in the record supports that both Ramiro and Moise abused Petitioner for personal, sexual reasons and not because of Petitioner's membership in her proposed PSGs. *See Ayala v. Holder*, 640 F.3d 1095, 1098 (9th Cir. 2011) (per curiam). A reasonable adjudicator could therefore conclude that Petitioner failed to establish the required nexus between her past abuse and her proposed PSGs. *Flores Molina*, 37 F.4th at

632. Evidence that El Salvador's government poorly enforces laws against domestic violence and rape does not compel a conclusion contrary to the agency's, because such generalized evidence is not relevant to Ramiro's or Moise's specific reasons for harming Petitioner. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 357 (9th Cir. 2017) (explaining that nexus hinges on "the persecutor's motive"). Without establishing a nexus between her alleged persecution and proposed PSGs, Petitioner is ineligible for asylum and withholding of removal. *See Rodriguez-Zuniga*, 69 F.4th at 1018 (explaining that an asylum and withholding-of-removal applicant "must show a nexus between [the applicant's] past harms or feared future harm and [the applicant's] statutorily protected characteristics").[2]

**PETITION DENIED.[3]**

---

[2] Petitioner does not challenge the agency's denial of CAT relief in her petition for review. She has therefore forfeited that claim. *See* Fed. R. App. P. 28(a)(8)(A); *Diaz v. Bondi*, 129 F.4th 546, 557 n.4 (9th Cir. 2025).

[3] Petitioner's Motion to Stay Removal (Dkt. No. 2) is denied.

25-5213



*Monjaras-Segovia v. Blanche*, No. 25-5213

MENDOZA, Circuit Judge, concurring in part and dissenting in part:

I agree with the majority that Petitioner has forfeited her CAT claim and that her asylum arguments fail. But because I would grant the petition as to her application for withholding of removal, I dissent as to that aspect of the majority's decision.

Immigration law is generally not an adequate vehicle for protecting people who have experienced gender-based violence. *See, e.g.*, Pooja R. Dadhania, *Gender-Based Religious Persecution*, 107 Minn. L. Rev. 1563 (2023) ("Asylum law fails to protect women and girls fleeing gender-based violence that occurs in the home or the private sphere."); David L. Neal, *Women As A Social Group: Recognizing Sex-Based Persecution As Grounds for Asylum*, 20 Colum. Hum. Rts. L. Rev. 203, 250–51 (1988). This is partly because of the myth that gender-based violence is motivated solely by "personal" or "private" dynamics. But "domestic violence does not exist in the vacuum of a private relationship," Dadhania, *supra* at 1576, and agency decisions that sweepingly characterize such societal dynamics as domestic issues "misunderstand[] the nature of sexual violence," *Rodriguez v. Garland*, No. 22-170, 2023 WL 2675064, at *2 (9th Cir. Mar. 29, 2023) (unpub.); *see generally also* Amber Ann Porter, *The Role of Domestic Violence in the*

*Consideration of Gender-Based Asylum Claims:* In Re R-A-, *an Antiquated*

*Approach*, 70 U. Cin. L. Rev. 315 (2001).

The reality of gender-based violence is that survivors are targeted—at least in part—*because* of their gender. That is, "[f]ar from being individual, random acts, violence against women at the hands of their partners is a pervasive and systemic exercise of patriarchal power." Anita Sinha, Note, *Domestic Violence and U.S. Asylum Law: Eliminating the "Cultural Hook" for Claims Involving Gender-Related Persecution*, 76 N.Y.U. L. Rev. 1562, 1588 (2001); *see also* Theresa A. Vogel, *Critiquing* Matter of A-B-*: An Uncertain Future in Asylum Proceedings for Women Fleeing Intimate Partner Violence*, 52 U. Mich. J. L. Reform 343, 392–93 (2019) ("Intimate partner violence against women occurs because of the abuser's perception that the woman is subordinate to him, and this perception is reinforced by the society's acceptance of her subordinate status in the relationship.").

Substantial evidence review normally requires us to hold our noses when confronted with immigration decisions that casually dispose of survivors' gender-based violence claims on these grounds. So long as the record does not compel a contrary conclusion, the agency's decision *must* be upheld. *See, e.g.*, *Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890 (9th Cir. 2021). But this is not one of those cases.

Why? Because one of the perpetrators was clear about his motives for targeting Petitioner. Moise explicitly referenced Petitioner's gender in multiple

instances when persecuting her. She testified that after kidnapping and raping her, "[Moise] said that I now *belong to him,* that I was his *woman.*" (emphases added). Similarly, she testified that Moise threatened to kill her if she did not continue "to be his *woman,*" and that, after imprisoning her for a week, he stated to others that "I was now his *woman.*" (emphases added). Petitioner's testimony is supported by country conditions evidence that details the "endemic" levels of rape and violence against Salvadoran women. This compels the conclusion that Petitioner was targeted at least in part because of her membership in her gender-based particular social groups.[1] *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1073 (9th Cir. 2017) (holding that statements of motivation or bias related to a protected ground can demonstrate nexus); *see also Garcia v. Wilkinson*, 988 F.3d 1136, 1143-45 (9th Cir. 2021) (holding that statements by a persecutor can serve as circumstantial evidence of their motives).

To be sure, there may well be a personal dimension to Moise's persecution of Petitioner, but a persecutor's mixed motives do not preclude relief. *See Garcia-Martinez v. Ashcroft*, 371 F.3d 1066, 1076–77 (9th Cir. 2004); *see also Rodriguez*, 2023 WL 2675064, at *2. Membership in a particular social group must be "one

---

[1] Because the BIA affirmed the IJ's denial solely on the ground that Petitioner did not demonstrate a nexus between her proposed gender-based particular social groups and the persecution she experienced, I do not address the other requirements for withholding of removal.

central reason" for an asylum applicant's persecution but need only be "a reason" for withholding of removal. *Barajas-Romero v. Lynch*, 846 F.3d 351, 358–60 (9th Cir. 2017). Because the record compels the conclusion that Petitioner's gender was at least part of the reason she was persecuted, I would grant the petition in part and remand to the BIA to reconsider the remainder of her withholding of removal arguments. I therefore dissent as to the majority's ruling to the contrary.